## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  BONNIE J. BURTCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-898-HE |
| | ) | Honorable Joe Heaton |
| 1.  DEACONESS HEALTH SYSTEM, LLC, | ) | |
| d/b/a DEACONESS HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT DEACONESS HEALTH SYSTEM, L.L.C.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, Deaconess Health System, L.L.C., d/b/a Deaconess Hospital ("Hospital" or "Defendant") and hereby submits its Answer to Plaintiff's Complaint. Defendant denies each and every allegation of Plaintiff's Complaint except as hereinafter specifically admitted, and further states as follows:

## PARTIES

1.      In response to Paragraph 1 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained therein regarding Plaintiff's residence and, therefore, denies the same. Defendant admits that Plaintiff is a female and is over the age of majority in Oklahoma.

2.      In response to Paragraph 2 of Plaintiff's Complaint, Defendant states that it is a corporation or entity conducting business as Deaconess Hospital in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.     In response to Paragraph 3 of Plaintiff's Complaint, Defendant states that Paragraph 3 contains no factual allegations to which a response is required.  Defendant denies that Plaintiff has actionable claims based on (a) age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), (b) disability discrimination and retaliation in violation of the Americans with Disabilities Act and ADAAA, and (c) retaliation for the use of medical leave under the Family and Medical Leave Act ("FMLA") in violation of 29 U.S.C. § 2601, *et seq.*

4.     In response to Paragraph 4 of Plaintiff's Complaint, Defendant states that Paragraph 4 contains no factual allegations to which a response is required.  Defendant admits that the Western District of Oklahoma has jurisdiction over federal causes of action under 28 U.S.C. § 1331.

5.     In response to Paragraph 5 of Plaintiff's Complaint, Defendant admits that the EEOC issued a Dismissal and Notice of Rights on or about May 24, 2012.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 5 and, therefore, denies the same.

6.     In response to Paragraph 6 of Plaintiff's Complaint, Defendant admits that it is located and can be served in Oklahoma County, that Oklahoma County is within the Western District, and that venue is proper in the Western District under 28 U.S.C. § 1391(b).  Defendant denies that all acts complained of occurred in or around Oklahoma County.

## STATEMENT OF FACTS

7.     In response to Paragraph 7 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained therein regarding Plaintiff's date of birth and, therefore, denies the same.

8.     In response to Paragraph 8 of Plaintiff's Complaint, Defendant admits that Plaintiff was hired by the Hospital on September 17, 1979 as a Nursing Assistant. Defendant admits that Plaintiff transferred to the position of Sterile Processing and Distribution Technician in 1981.   Defendant admits that Plaintiff transferred to the Dietary Department in 1983.   Defendant denies the remainder of the allegations contained therein, including that Plaintiff "was transferred" to any position within the Hospital.

9.     In response to Paragraph 9 of Plaintiff's Complaint, Defendant admits that Plaintiff was employed at the Hospital for thirty-two (32) years.  Defendant denies the remainder of the allegations contained therein.

10.    In response to Paragraph 10 of Plaintiff's Complaint, Defendant admits that Ethel Brooks is the Head of the Dietary Department at the Hospital.  Defendant denies the remainder of the allegations contained therein.

11.    In response to Paragraph 11 of Plaintiff's Complaint, Defendant admits that Ethel Brooks and Linda Duncan counseled Plaintiff regarding her job performance.  Defendant admits that Plaintiff received less than satisfactory evaluations. Defendant admits that Plaintiff was placed on at least one (1) ninety (90) day performance improvement plan. Defendant admits Plaintiff received corrective action regarding time management.

Defendant admits that Linda Duncan told Plaintiff she would be observed by either Linda Duncan or a lead.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 11 and, therefore, denies the same.

12.    In response to Paragraph 12 of Plaintiff's Complaint, Defendant admits that Plaintiff requested and was granted FMLA leave in July 2009 for cataract surgery.

13.    In response to Paragraph 13 of Plaintiff's Complaint, Defendant admits that Plaintiff requested and was granted FMLA leave in May 2010 for eye surgery.

14.    In response to Paragraph 14 of Plaintiff's Complaint, Defendant admits that Plaintiff requested and was granted FMLA leave May 19, 2010 to July 2, 2010 and September 17, 2010 to October 1, 2010 for eye surgery.  Defendant denies the remainder of the allegations contained therein.

15.    In response to Paragraph 15 of Plaintiff's Complaint, Defendant admits that Plaintiff notified Ethel Brooks and Linda Duncan that she had Turner's Syndrome, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 15, including the date of the notice, and, therefore, denies the same.

16.    In response to Paragraph 16 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

17.    In response to Paragraph 17 of Plaintiff's Complaint, Defendant admits that Plaintiff received corrective action in the last year of her employment, but denies the remainder of the allegations contained therein.

18.     In response to Paragraph 18 of Plaintiff's Complaint, Defendant admits that Ethel Brooks, Linda Duncan and Dayla Morris participated in the termination of Plaintiff on September 12, 2011, which was subsequently turned into a leave of absence.  Defendant denies the remaining allegations contained in Paragraph 18, including that the admissions above constituted pretext.

19.     In response to Paragraph 19 of Plaintiff's Complaint, Defendant admits that Plaintiff filed an internal grievance regarding her termination.  Defendant admits that Plaintiff requested 12 weeks of short term disability in her internal grievance.  Defendant admits that Plaintiff requested and was granted FMLA leave after her termination. Defendant denies the remaining allegations contained therein.

20.     In response to Paragraph 20 of Plaintiff's Complaint, Defendant admits that Plaintiff requested and was granted FMLA leave from September 22, 2011 to December 5, 2011.  Defendant admits that Plaintiff was asked to provide a full medical release before she could return to work.  Defendant denies the remainder of the allegations contained therein.

21.     In response to Paragraph 21 of Plaintiff's Complaint, Defendant admits that Plaintiff's FMLA leave expired on December 5, 2011, and Plaintiff was notified by letter dated December 19, 2011.  Defendant denies the remaining allegations contained therein.

22.     In response to Paragraph 22 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

## COUNT 1 - ADEA

Defendant incorporates all prior admissions, denials, and explanations, and further states as follows:

23.     In response to Paragraph 23 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

24.     In response to Paragraph 24 of Plaintiff's Complaint, Defendant denies the allegations contained therein, including that Plaintiff is entitled to relief under the ADEA.

25.     In response to Paragraph 25 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any remedies afforded by the ADEA, including that Plaintiff is entitled to liquidated damages.

## COUNT II - Disability

Defendant incorporates all prior admissions, denials, and explanations, and further states as follows:

26.     In response to Paragraph 26 of Plaintiff's Complaint, Defendant states that Paragraph 26 contains no factual allegations to which a response is required.

27.     In response to Paragraph 27 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

28.     In response to Paragraph 28 of Plaintiff's Complaint, Defendant denies the allegations contained therein, including that Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## COUNT III - FMLA

Defendant incorporates all prior admissions, denials, and explanations, and further states as follows:

29.     In response to Paragraph 29 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

30.     In response to Paragraph 30 of Plaintiff's Complaint, Defendant admits that Plaintiff was entitled to FMLA.   Defendant denies the remainder of the allegations contained therein.

31.     In response to Paragraph 31 of Plaintiff's Complaint, Defendant denies the allegations contained therein, including that Plaintiff is entitled to any remedies or punitive damages afforded by the FMLA.

## AFFIRMATIVE DEFENSES

1.     Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff's allegations against Defendant fail to state a claim upon which relief may be granted.

2.     Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff abandoned her position with Defendant.

3.      Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that its treatment of Plaintiff was based entirely on legitimate, nondiscriminatory reasons, and was not based on any alleged protected status held by Plaintiff.

4.      Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that it fully complied with the requirements of the Age Discrimination in Employment Act (ADEA), as amended.

5.      Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff is not entitled to liquidated damages because Defendant at all times acted in good faith and had reasonable grounds to believe that its actions complied with the requirements of the ADEA, as amended.

6.      Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff does not suffer from an ADA protected disability.

7.      Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that even if Plaintiff were disabled under the ADA, she was not qualified for the position she held with Defendant as she could not carry out the position's essential functions.

8.      Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff did not request accommodation for an alleged ADA-protected disability.

9.      Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that if Plaintiff's requests for medical leave are considered a request for an accommodation, Defendant has complied with such requests.

10.      Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that to the extent that Plaintiff's alleged requests

constituted requests for accommodation, the alleged requests would have placed an undue hardship on Defendant.

11.     Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that it fully complied with the requirements of the Americans with Disabilities Act (ADA), as amended.

12.     Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff is not entitled to punitive damages because Defendant at all times acted in good faith and had reasonable grounds to believe that its actions complied with the ADA, as amended.

13.     Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that it fully complied with the requirements of the Family and Medical Leave Act (FMLA).

14.     Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff is not entitled to liquidated damages because Defendant at all times acted in good faith and had reasonable grounds to believe that its actions complied with the FMLA.

15.     Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff failed to exhaust her administrative remedies.

16.     Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff failed to file suit within the statute of limitations.

17.     Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff's claims are barred and/or limited by the doctrines of estoppel, laches, and waiver.

18.     Subject to and without waiving the foregoing, and without accepting any burden of proof on the matter, Defendant states that Plaintiff failed to mitigate her damages.

Defendant reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action.

**WHEREFORE**, Defendant respectfully requests that this action and all of Plaintiff's claims contained therein be dismissed with prejudice, that Plaintiff take nothing, and that Defendant be awarded its costs, expenses, attorneys' fees, and such other and further relief as this Court deems appropriate.

Respectfully submitted,

**STRECKER & ASSOCIATES, P.C.**

*s/ Jessica V. Hunt*
_____
David E. Strecker, OBA #8687
Jessica C. Ridenour, OBA #20758
Jessica V. Hunt, OBA #30116
2150 Mid-Continent Tower
401 South Boston Avenue
Tulsa, Oklahoma 74103-4009
Telephone:    (918) 582-1716
Facsimile:     (918) 582-1780

**ATTORNEYS FOR DEFENDANT
DEACONESS HOSPITAL**

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jana Beth Leonard, OBA #17844
Shannon C. Haupt, OBA #18922
Lauren W. Johnston, OBA #22341
Leonard & Associates, P.L.L.C.
8265 S. Walker Ave.
Oklahoma City, Oklahoma 73139
Telephone:   (405) 239-3800
Facsimile:    (405) 239-3801

**ATTORNEYS FOR PLAINTIFF**

*s/ Jessica V. Hunt*
Jessica V. Hunt